## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2017, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy F. Watkins, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 28, 2017 <br><br> Court of Appeals Case No. <br> 84A04-1609-CR-2129 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable John T. Roach, Judge <br><br> Trial Court Cause No. <br> 84D01-1602-F6-439 <br> 84D01-1602-F6-323 |

**Vaidik, Chief Judge.**

# Case Summary

Timothy F. Watkins admitted to violating his probation by failing to return to a treatment center at the end of a weekend pass. The trial court revoked his probation and ordered him to serve the balance of his previously suspended sentence. Watkins now appeals, arguing that the trial court should have inquired more fully as to the circumstances surrounding his failure to return to the treatment center because those circumstances could have impacted its decision to revoke his probation. We find that the trial court gave Watkins an adequate opportunity to offer mitigating evidence that his violation did not warrant revocation and did not need to inquire further. We therefore affirm.

# Facts and Procedural History

In June 2016, Watkins pled guilty to Level 6 felony battery by bodily waste in Cause No. 84D01-1602-F6-439 and Level 6 felony theft in Cause No. 84D01-1602-F6-323. Pursuant to the plea agreement, several other counts, including a habitual-offender enhancement, were dismissed. The trial court sentenced Watkins to consecutive terms of two years for each conviction, suspended the time (except for time served), and placed Watkins on formal probation. *See* Appellant's App. Vol. II pp. 38-41. The court also ordered Watkins to complete treatment at Lighthouse Recovery Center, a nine-month to two-year

transitional housing/rehabilitation program for addiction, in Washington, Indiana.[1]  *Id.* at 36.

[3]     Approximately two months later, on Friday, August 5, 2016, Watkins was given a forty-eight-hour pass to leave Lighthouse.  On Monday, the probation department filed a notice of probation violation under both cause numbers alleging that Watkins violated his probation by failing to return to Lighthouse.  A bench warrant was issued for Watkins' arrest, and he was arrested on that warrant on August 15.  Watkins, however, was "too intoxicated" to appear in court that day, so his initial hearing on the notice of probation violation was continued.  *Id.* at 48.

[4]     The next day, Watkins appeared in court for his initial hearing without an attorney.  After the trial court advised Watkins of his rights, including his right to an attorney, Watkins waived them.[2]  Watkins then explained that he wanted to admit to violating his probation and "go ahead with [his] sentence" because "[b]ottom line" he "relapsed" and "violated."  Tr. Vol. II p. 4; Tr. Vol. III p. 4.  The trial court told Watkins that if he admitted to violating his probation, he "could go to DOC or the Vigo County Jail for the balance of [his] time," and Watkins said he understood that and was willing to proceed.  Tr. Vol. III p. 6.

---

[1] Watkins began treatment at Lighthouse before sentencing, on April 11, 2016.  *See* Appellant's App. Vol. II p. 33.

[2] Watkins does not challenge the waiver of his rights on appeal.  Indeed, the trial court strongly encouraged Watkins not to represent himself.

The trial court then asked Watkins if he understood the allegations against him, and Watkins said yes.  Watkins then elaborated:

> I left on a [forty-eight-hour] pass, and I didn't have a ride back and . . . found out shortly after that – there's a warrant out for my arrest.  I walked up to the police Saturday night, Sunday night, and turned myself in.

*Id.*; *see also id.* at 4 ("I messed up, relapsed, I left for a weekend.").

[5]  The trial court revoked Watkins' probation and "sentenced [him] to the balance of his time in the Department of Correction."  *Id.* at 7; *see also* Appellant's App. Vol. II pp. 49-50.

[6]  Watkins now appeals.

# Discussion and Decision

[7]  Watkins contends that the trial court erred in revoking his probation.  Probation revocation is a two-step process.  First, the trial court must determine that a violation of a condition of probation actually occurred.  *Woods v. State,* 892 N.E.2d 637, 640 (Ind. 2008).  Second, the court must determine if the violation warrants revocation of probation.  *Id.*

[8]  Where, as here, a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation.  *Id.*  But even a probationer who admits the allegations against him

must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation. *Id.*

[9] Watkins argues that the trial court "should have inquired more fully as to the circumstances which surrounded [his] failure to return to treatment at the end of [his] week-end pass" because had the court done so, it "**may well have**" decided not to revoke his probation. Appellant's Br. p. 7, 9 (emphasis added). We, however, find that the trial court gave Watkins an adequate opportunity to offer mitigating evidence that his violation did not warrant revocation and did not need to inquire further. Watkins explained that, two months after being ordered to complete treatment at Lighthouse, he was given a forty-eight-hour pass, left the center, "messed up," "relapsed," and then was arrested on a warrant a week after the pass expired (at which point he was too intoxicated to appear in court). Tr. Vol. III p. 4. In addition, Watkins did not ask for an opportunity to present additional testimony about his progress at Lighthouse up to that point or the circumstances surrounding his relapse, nor does he tell us what that testimony would have been had he asked for and been given such an opportunity. We therefore affirm the revocation of Watkins' probation and the imposition of the balance of his previously suspended sentence.

[10] Affirmed.

Bradford, J., and Brown, J., concur.